[NOT SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF NEW JERSEY, *et al.*,<br>　　　　Plaintiff-Appellants,<br><br>v.<br><br>JULIE SU, *et al.*,<br>　　　　Defendants-Appellees;<br><br>PUBLIC CITIZEN HEALTH RESEARCH, *et al.*,<br>　　　　Plaintiff-Appellants,<br><br>v.<br><br>JULIE SU, *et al.*,<br>　　　　Defendants-Appellees. | Nos. 21-5016, 21-5018<br>(consol.) |

## UNOPPOSED MOTION FOR 14-DAY EXTENSION OF TIME TO FILE BRIEF FOR APPELLEES

Defendants-appellees, Julie Su, et al., respectfully ask this Court for a 14-day extension of time in which to file the brief for the appellees, until Friday July 28, 2023. Plaintiffs challenge a rule promulgated by the Occupational Safety and Health Administration (OSHA) in 2019 that rescinded a requirement for employers to submit workplace injury and illness data to OSHA. In March 2022, the agency issued a Notice of Proposed

Rulemaking which would obviate the challenges here. In light of the proposed rule, the government asked this Court to put the appeals in abeyance. In March 2023, with no final rule yet issued, this Court granted a motion by the public health organization plaintiffs to set a briefing schedule. The opening briefs were filed on May 15, 2023. The response brief is currently due, on first extension, on July 14, 2023.

On Wednesday, July 12, 2023, OSHA sent a final rule to the Federal Register for publication. In light of this development, the final rule—which likely will render the case moot—will issue before the completion of briefing. Counsel for plaintiffs-appellants have indicated that they consent to the requested extension.

1. OSHA, a component of the Department of Labor, requires covered employers to record work-related injuries and illnesses on three standardized forms: Forms 300, 301, and 300A. *See* Dkt. No. 28 at 1. In May 2016, OSHA issued a new rule requiring certain of these employers to submit the data from these forms electronically each year. *Id.* Prior to this new rule, employers kept this data on-site to be collected during an on-site inspection or as part of a broader industry survey. *Id.* at 2. Before the first filing deadline, OSHA announced its intention to reconsider the submission requirements for Forms 300 and 301. *Id.* Consistent with this announcement, OSHA issued, in 2019,

a final rule rescinding the requirement for submission of the Form 300 and Form 301 data. Two sets of plaintiffs—one, a group of public health organizations and the other a group of States—challenged the lawfulness of the 2019 rescission. *Id.*

2. On January 11, 2021, the district court issued its opinion upholding the agency's action. Plaintiff-Appellants filed a notice of appeal. These appeals were held in abeyance while the agency officials re-evaluated the issues underlying the case and then issued a Notice of Proposed Rulemaking. The proposed rule would require establishments with 100 or more employees in certain designated industries to electronically submit information from their OSHA Forms 300, 301, and 300A to OSHA once a year.[1] Establishments with 20 or more employees in certain industries would continue to be required to electronically submit information from their OSHA Form 300A annual summary to OSHA once a year. The proposed rule would also remove the current requirement for establishments with 250 or more employees, not in a designated industry, to electronically submit information from their Form 300A to OSHA on an annual basis.[2]

---

[1] https://www.regulations.gov/document/OSHA-2021-0006-0006.
[2] The NPRM also proposed to update the classification system used to determine the list of industries covered by the electronic submission requirement and to require establishments to include their company name when making electronic submissions to OSHA.

3

3. On January 12, 2023, the public health organization plaintiffs filed a motion to remove the cases from abeyance and establish a briefing schedule, which this Court granted. The opening briefs were filed on May 15, 2023.

4. On April 7, 2023, the agency sent a draft final rule to the Office of Information and Regulatory Affairs (OIRA) at the White House's Office of Management and Budget. Under Executive Order 12866, OIRA has up to 90 days (which can be extended) to review a rule. OIRA has completed its review and OSHA has sent the final rule to the Federal Register for publication. Given the likelihood that the completion of the rulemaking process will resolve the plaintiffs' claims in the near future, the government respectfully requests a 14-day extension to allow for publication of the final rule. The parties agree this extension would be in the interest of judicial economy.

5. Counsel for plaintiffs-appellants have indicated they consent to this motion.

Respectfully submitted,

SEEMA NANDA
*Solicitor of Labor*

EDMUND C. BAIRD
*Associate Solicitor*
*for Occupational*
*Safety and Health*

LOUISE M. BETTS
*Counsel for Appellate Litigation*

MARK B. STERN
 /s/ Laura E. Myron
LAURA E. MYRON
*Attorneys, Appellate Staff*
*Civil Division, Room 7228*
*U.S. Department of Justice*
*Washington, DC 20530*
*(202) 514-4189*
*laura.e.myron@usdoj.gov*

4

KRISTEN LINDBERG
*Senior Attorney*
*Office of the Solicitor*
*U.S. Department of Labor*

JULY 2023

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Laura E. Myron
LAURA E. MYRON
*Counsel for the
Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(1)-(2) because it contains 710 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ Laura E. Myron
LAURA E. MYRON
*Counsel for the*
*Defendants-Appellees*